| | | |
|---|---|---|
| SHAMIKA MOZELL, individually and on behalf of all persons similarly situated, | : | |
| | : | **COLLECTIVE ACTION** |
| Plaintiffs, | : | |
| v. | : | Civil Action No.: _____ |
| | : | |
| TRG Customer Solutions, Inc., d/b/a IBEX Global Solutions, | : | **JURY TRIAL DEMANDED** |
| | : | |
| Defendant. | : | |
| | : | |

## COLLECTIVE ACTION COMPLAINT

Plaintiff Shamika Mozell, by and through her undersigned counsel, on behalf of herself

and all others similarly situated, files this Collective Action Complaint (the "Complaint") against

Defendant TRG Customer Solutions, Inc., doing business as IBEX Global Solutions ("IBEX" or

"Defendant"). Plaintiff seeks to recover unpaid wages owed to her and all other similarly

situated employees who have worked at IBEX call centers throughout the United States in the

past three years.[1]

## I. INTRODUCTION

1. Plaintiff brings this case as a collective action against Defendant under federal

law pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, on behalf of

herself and all other similarly situated current and former non-exempt, hourly employees of

Defendant who were and are employed at its call centers throughout the United States for, *inter*

---

[1] This nationwide collective does not include hourly call center employees who worked for
Defendant at its Spring Hill, Tennessee call center from October 9, 2008 through the present.

1

*alia*, unpaid wages, including unpaid overtime wages, minimum wages, liquidated damages, and attorneys' fees and costs. In particular, Defendant uniformly requires call center employees to perform work-related tasks before, during, and after their shifts, including activities related to the operation of their computers, but fails to pay its employees for all time worked in violation of the FLSA. As a result, these employees are denied wages including overtime and minimum wages in violation of the FLSA. Plaintiff alleges that this is a company-wide policy and/or practice at Defendant's call centers throughout the country.

## II. JURISDICTION AND VENUE

2.      This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

3.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (c)(2). Defendant resides in this judicial district because it has its principal place of business here and is subject to personal jurisdiction here.

## III. PARTIES

4.      Plaintiff is currently employed by Defendant at its Hampton, Virginia call center as a call center employee. She began working for Defendant in May 2014. Plaintiff typically works eight to ten hours per day, five days per week. Plaintiff often works in excess of forty hours per week, but does not receive proper compensation as required by the FLSA, including overtime pay. In addition, Defendant fails to pay Plaintiff for all work performed before, during, and after her shift.

5.      Defendant TRG Customer Solutions, Inc., doing business as IBEX Global Solutions ("IBEX" or "Defendant") is a Delaware corporation with its principal place of business

2

in Washington, D.C.  Defendant operates call centers throughout the United States.

6.      At all times relevant to this Complaint, Defendant has been an enterprise engaged in interstate commerce within the meaning of the FLSA.

7.      Defendant is an employer within the meaning of the FLSA.

## IV.  STATEMENT OF FACTS

8.      Plaintiff alleges that Defendant is a company that provides business process outsourcing ("BPO") services and operates 18 call centers in five countries, employing over 9,000 customer service representatives.

9.      Since May 2014, Plaintiff has worked as an hourly, non-exempt call center employee based out of Defendant's Hampton, Virginia location.  As a call center employee, Plaintiff's job duties include answering telephone calls from customers, responding to inquiries, resolving customer problems, and fulfilling customer requests.

10.     Plaintiff is typically scheduled to work Monday through Friday.  On Mondays Plaintiff is usually scheduled to work from 8:30 am to 7:00 pm, and the remainder of the week Plaintiff is scheduled to work from 8:00 am to 4:30 pm.  Plaintiff and other call center employees are not paid based on their scheduled shift.  Rather, Defendant compensates call center employees for the time they spend logged on the telephone with customers.

11.     Defendant classifies the call center employees as non-exempt employees and they are paid on an hourly basis.  The call center employees perform similar job duties.

12.     Rather than pay call center employees based on the actual hours they work, Defendant uses a timekeeping system that pays call center employees for time spent logged on the telephone and taking customer calls.  The call center employees are required to be ready to

3

accept calls at the start of their scheduled shifts. The timekeeping system that Defendant employs tracks the time spent on the telephone, but not the actual time the call center employees spend working.

13. Plaintiff and call center employees must arrive at their workstations at least fifteen minutes before their scheduled shifts in order to (1) turn on and wait for their computers to boot up; (2) start necessary computer programs that must be running so that they can receive and respond to customer calls; and (3) log in to Defendant's computer system. Plaintiff and other call center employees are not paid for this time.

14. After these tasks are completed, Plaintiff and other call center employees log on to their telephones and begin taking customer calls. Plaintiff and other call center employees are paid from the time they log on to their telephones to the time they log off their telephones.

15. Plaintiff and other call center employees must perform the aforementioned pre-call tasks because Plaintiff and other call center employee must use the computer programs and systems in order to assist callers, respond to their questions, and make sales.

16. If the call center employees are not logged on to the telephone system and taking calls by the beginning of their scheduled shifts, they are considered tardy.

17. Throughout Plaintiff's workday, supervisors instruct call center employees to log off their telephones in order to update a whiteboard of daily sales. Plaintiff and call center employees are also required to update sales in a computer sales tracker program. Updating daily sales can take up to thirty minutes per day, all of which is time Plaintiff and other call center employees are not paid.

18. When the network crashes, Plaintiff and other call center employees are also

4

required to log off their telephones and computers. They must restart and wait for their computers to boot up; restart their necessary computer programs, and log back in to Defendant's computer system before they can log back on to their telephones. All of the time Plaintiff and other call center employees are not logged on to their telephones is time worked for which they are not paid.

19.     Similarly, at the end of Plaintiff's and other call center employees' scheduled workday, after they log off their telephones, they are required to shut down their programs and computer. After logging off their telephones, Plaintiff and other call center employees are not paid for this time worked.

20.     In addition to not being paid for all work time, call center employees work more than forty hours in a week, but are not paid overtime.

21.     Regardless of the location, Defendant's compensation policies and/or practices as described in this complaint are uniform at its call centers.

22.     Defendant's failure to pay for all hours worked, including minimum wage and overtime wages, at its call centers throughout the United States is ongoing and willful.

## V.  COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

23.     Plaintiff brings this case as a collective action pursuant to §216(b) of the FLSA, 29 U.S.C. §216(b). The collective that Plaintiff seeks to represent is defined as follows:

> All current and former non-exempt, hourly call center employees who have been employed at any time by Defendant at its facilities in the United States during the time period three years prior to the date of filing of this complaint to the present, with the exception of those call center workers at Defendant's Spring Hill, Tennessee call center.

24.     This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for time worked for which Plaintiff and call center employees are not

5

compensated, minimum wage violations, failure to pay overtime compensation, liquidated damages (or, alternatively, interest), and attorneys' fees and costs under the FLSA. In addition to Plaintiff, numerous current and former call center employees are similarly situated to Plaintiff with regard to their claims for unpaid wages and damages, in that they have been denied proper compensation at some point during the three years prior to the filing of this Complaint.

25. Plaintiff is representative of other current and former employees and is acting on behalf of their interests as well as Plaintiff's own interests in bringing this action.

26. Members of the collective are similarly situated, as they have substantially similar job requirements and are subject to a set of common practices and policies that require or permit them to perform work, in the form of spending time or conducting activities for the benefit of Defendant, for which they are not compensated in violation of the FLSA.

27. Plaintiff will fairly and adequately represent and protect the interests of the members of the collective. Plaintiff has retained counsel competent and experienced in complex wage and hour class and collective action litigation.

28. Defendant's failure to pay Plaintiff and the collective their lawful wages was and continues to be willful. Defendant knew or should have known that its conduct was unlawful and/or showed reckless disregard for whether its above-described conduct was prohibited by law.

29. Despite its knowledge that time spent by Plaintiff and the collective, as described above, was compensable time under federal law, Defendant has refused to fully compensate employees at their call centers throughout the United States[2] for any of this time.

---

[2] As stated above, this nationwide collective does not include hourly call center employees who worked for Defendant at its Spring Hill, Tennessee call center from October 9, 2008 through the present.

6

30. These similarly situated employees are known to Defendant and are readily identifiable, and may be located through Defendant's records. These similarly situated employees may readily be notified of this action, and allowed to opt in to it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid wages, unpaid minimum wages, unpaid overtime compensation, liquidated damages (or, alternatively, interest), and attorneys' fees and costs under the FLSA.

## COUNT I

### FAIR LABOR STANDARDS ACT
### (Denial of Wages, Overtime Compensation and Minimum Wage under Federal Law)

31. Plaintiff re-alleges and incorporates the above paragraphs as though fully set forth herein.

32. Defendant violated the FLSA by knowingly failing to maintain records of all hours worked by Plaintiff and the collective.

33. Defendant violated the FLSA by knowingly failing to compensate Plaintiff and the collective for all hours worked and by knowingly failing to compensate Plaintiff and the collective at a rate of one and one-half times their regular hourly wage for hours worked in excess of forty hours per week in violation of 29 U.S.C. § 207(a)(1).

34. Defendant violated the FLSA by knowingly failing to compensate Plaintiff and the collective the federally mandated minimum wage in violation of 29 U.S.C. § 206 for all hours worked.

35. Defendant's actions were willful.

36. Defendant is therefore liable to Plaintiff and the collective, under 29 U.S.C. § 216(b) of the FLSA, for their unpaid wages and unpaid overtime compensation, and for

7

minimum wage violations, plus an additional equal amount as liquidated damages, court costs, reasonable attorneys' fees and expenses, and any other relief deemed appropriate by the Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests the following:

a.  That this Court permit this action to proceed as a "collective action" under 29 U.S.C. §216(b);

b.  That Defendant be ordered to pay all unpaid wages, including overtime wages, to Plaintiff and the collective;

c.  That Defendant be enjoined from continuing the unlawful policies and/or practices described herein;

d.  That this Court order Defendant to pay liquidated damages to Plaintiff and the collective;

e.  That this Court award to Plaintiff and the collective all statutory penalties, interest, and attorneys' fees and costs to which they are entitled.

f.  That this Court grant such other and further relief as this Court may deem just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury.

8

Date:    December 5, 2014                    Respectfully submitted,

SCHNEIDER WALLACE COTTRELL
KONECKY WOTKYNS LLP

GARRETT W. WOTKYNS
Schneider Wallace Cottrell
Konecky Wotkyns LLP
8501 North Scottsdale Road, Suite 270
Scottsdale, AZ 85253
Telephone: (480) 428-0142
Facsimile: (866) 505-8036
*Attorneys for Plaintiff and the Collective*

9